# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

---

LORENA LICA PHYFER,

       Plaintiff,

v.                                  Case No.  3:18cv219-SA-RP

GRAMMER, INC.,

       Defendant.

---

## COMPLAINT UNDER THE FLSA

---

Plaintiff Lorena Lica Phyfer, through her attorneys, bring this action against Defendant Grammer, Inc. under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

## I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## II. FACTS

### A. Parties

2.     Plaintiff Lorena Lica Phyfer is an adult resident of Belden, Mississippi. During the applicable statutory period, Plaintiff worked for Defendant at its Shannon, Mississippi facility as a production scheduler.

3.     Defendant Grammer, Inc. is a for profit corporation formed and organized under Minnesota state law, with a principal place of business in Greenville South Carolina, and at all relevant times herein has conducted business at 231 Laney Road, Shannon, Mississippi 38868.

### B. Factual Allegations

4.      At all relevant times herein, Defendant was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.      At all relevant times herein, Defendant is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant has annual sales of not less than $500,000.

6.      Plaintiff began her employment with Defendant on or around October 20, 2014 and ceased working for Defendant on or about August 29, 2018.

7.      The FLSA requires covered employers, such as Defendant, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

8.      During the applicable statutory period, Plaintiff regularly worked for Defendant primarily performing various data entry scheduling duties, including running backlog and production order reports and entering orders in the system for scheduling.  Plaintiff also performed other clerical tasks, but her primary duties were scheduling related.

9.     During the applicable statutory period, Plaintiff worked routinely worked forty-five (45) hours per week and typically worked from 6:00 or 6:30 a.m. to 3:30 or 4:30 p.m.  Plaintiff did not typically take a thirty (30) minute or more uninterrupted meal break.

10.     During the applicable statutory period, Plaintiff's primary job duties were such that she should have been paid overtime compensation for all hours worked over forty (40) in a work week.  Apparently, Defendant misclassified Plaintiff as exempt from receiving overtime pay under the FLSA.  But, Plaintiff's job duties were such that she did not perform any type of exempt duties during the applicable statutory period.  For example, she did not customarily and regularly direct the work of two (2) or more full-time employees of Defendant.  Also, Plaintiff did not have the authority to hire or fire other employees, nor did Plaintiff ever recommend that Defendant's employees be fired or disciplined.  Further, Plaintiff's primary duties did not require her to exercise discretion and independent judgment on significant business matters.  Indeed, any decision making regarding customer accounts and production orders or planning were made by Defendant's management team.

11.     At the time of her discharge, Plaintiff was paid $2,833 bimonthly, which equates to $1,307.69 per week.  At this juncture, without the benefit of discovery, Plaintiff estimates in good faith that she has been illegally deprived of overtime compensation of at least $72.65 per week during the relevant time period, which totals $10,824.85.

12.     As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff.

13.     Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to

Plaintiff sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

14.    The foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless disregard for the fact that its compensation practices with respect to Plaintiff were in violation of federal law.  Put another way, Defendant knew it was required to pay overtime to non-exempt employees who exceeded forty (40) hours in work in a work week.  And it knew that Plaintiff did not perform duties that would otherwise render her exempt from overtime compensation.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1.    Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2.    Judgment against Defendant that its violations of the FLSA were willful;

3.    An equal amount to the overtime damages as liquidated damages;

4.    All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6.    Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7.    An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

8.    For all such further relief as the Court deems just and equitable.

Respectfully submitted,


/s/ William B. Ryan
William B. Ryan – MS Bar #99667
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilaw.com

ATTORNEY FOR PLAINTIFF

Dated: 10.17.2018